IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LEON POWELL, | § | |
| | § | No. 171, 2019 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| v. | § | |
| | § | Cr. ID No. 82007195DI (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: June 18, 2019[1]
Decided: August 19, 2019

Before **STRINE**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## **ORDER**

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1)     The appellant, Leon Powell, filed this appeal from the Superior Court's April 4, 2019 order denying his motion to compel the production of his sentencing order so he could complete his application for commutation of his sentence.  The State of Delaware has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of Powell's opening brief that the appeal is without merit.  We disagree and reverse the Superior Court's judgment.

---

[1] The motion to affirm was filed on May 8, 2019, but the record was filed on June 18, 2019.

(2)     The record reflects that, in 1983, Powell was convicted of first degree murder and was sentenced to life imprisonment without parole.  This Court affirmed Powell's conviction and sentence on direct appeal.[2]

(3)     On March 26, 2019, Powell filed a motion to compel the production of his complete sentencing order so that he could complete his application for commutation.  Powell stated that he and his family members had requested the order multiple times, but had not received it.  The Superior Court provided Powell with the Superior Court criminal docket for his case, which included the life sentence in docket entry 24, and denied his motion as moot.  This appeal followed.

(4)     On appeal, Powell argues that he needs his complete sentencing order, not just his criminal docket, to comply with the Board of Pardons' requirements.  The State has moved to affirm, arguing that the criminal docket satisfies the Board of Pardons' requirements.  The Board of Pardons Checklist provided by the State contradicts the State's position.

(5)     The Board of Pardons Checklist provides:

**YOU MUST COMPLETE STEPS 1 AND 2 BEFORE PROCEEDING WITH THE APPLICATON PROCESS**….

**STEP 2**
Request **Certified Court Dockets** and **Sentencing Orders and/or Disposition Records** for all **ADULT** dispositions listed as *guilty, unknown, unobtainable, transferred or pending and any JUVENILE*

---

[2] *Powell v. State*, 474 A.2d 141 (Del. 1983).

*dispositions where you were sentenced as guilty as an adult in Superior Court*. **Additionally, you must submit certified copies of financial information on outstanding fines, costs, fees and restitution.** Contact the courts in the county associated with the offense(s) for further information on how to request the documents. **These documents must be attached to your application.**

**Step 3**
Once you have received your **Certified Criminal History** and your **Certified Court Dockets and Sentencing Orders**, complete the page titled "**Criminal History Review Form**".[3]

(6) As set forth in Step 2, applicants are required to provide certified court dockets and sentencing orders. We understand that the court docket includes Powell's life imprisonment sentence as a docket entry. But the signed sentencing order from 1983 is a separate document. The plain language of the Board of Pardons Checklist requires an applicant to provide both the court docket and the sentencing order, not just a court docket that includes the sentence. As a result, providing Powell with a copy of his docket[4] did not moot his motion for the sentencing order. The Superior Court should provide Powell with a certified copy of his court docket and sentencing order.

---

[3] Exhibit C to Motion to Affirm.
[4] The docket was not certified as required by the Board of Pardons Checklist, but Powell did not ask for a certified copy in the Superior Court.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is DENIED.

The judgment of the Superior Court is REVERSED.  This matter is REMANDED

for proceedings consistent with this order.  Jurisdiction is not retained.

BY THE COURT:

/s/ Leo E. Strine, Jr.

Chief Justice